JiSCHOTT, Chief Judge.
In this court there is no dispute as to the facts. Plaintiff was an employee of Highlines which had contracted with LP & L to move existing high-voltage power lines and to install additional ones. While engaged in this work plaintiff was injured when one of the lines fell on him. Plaintiff was a pole setter whose job required special training, experience, and the use of special tools. The job required training in how to move lines and reading specifications and blueprints. However, LP & L had crews which did this type of work regularly. For a public utility, the type of work being performed by Highlines was routine. The only reason LP & L hired Highlines was because there was more work to be done than LP & L’s own crews could handle. In effect, Highlines employees including plaintiff were backing up or supplementing LP & L’s employees doing the same work they were doing and routinely did.
*30 The issue in this case is a legal one. Was plaintiff a statutory employee of LP & L under LSA-R.S. 23:1061 as written at the time of plaintiffs accident in August 1988? We first look for the answer in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). In that case the court provided general rules or a method of analysis to be used in this type of case to |2determine whether LP & L was the statutory employer of plaintiff. The first step in the Berry analysis is whether the contract work is specialized or non-speeialized. The court had this to say about this question:
This of course is a question of fact, and courts should consider whether the contract work requires a degree of skill, training, experience, education and/or equipment not normally possessed by those outside the contract field. Berry at page 938.
The court went on to say that if the contract is determined to be specialized per se, the work is not part of the principal’s trade, business, or occupation and the principal is not the statutory employer of the specialized contractor’s employees.
The problem in this case is with this court’s interpretation of Berry in Roberts v. Amstar Corp., 496 So.2d 1146, 1147 (La.App. 4th Cir.1986) where the following approach to the problem was taken:
Berry requires that we first consider the nature of the contract work Custom Structures agreed to perform for Amstar to determine whether the work'was specialized or non-speeialized. Specialized work is that which requires a degree of skill, training, experience, education and/or equipment not normally possessed by those outside the contractor’s field. It is our understanding that this first determination under the Berry test is to be made upon a consideration of the contract work without reference to the trade, business, or occupation of the principal, Amstar. If it is determined that the contract work is “specialized per se ”, it cannot be a part of the principal’s trade, business, or occupation, and the principal is not a statutory employer as a matter of law. [emphasis supplied]
Plaintiff argues that when the foregoing test is applied to the facts of this ease, the conclusion necessarily follows that Highlines’ work was specialized per se even though LP & L could and did perform the same type of work Highlines was performing.
|gLP & L refers to Boudreaux v. Freeport Chemical Co., 576 So.2d 615 (La.App. 4th Cir.1991) in which this court seemed to interpret Berry differently from the Roberts panel. While the court in Boudreaux found no conflict with Roberts, it affirmed the trial court’s interpretation of Berry,
.... as implicitly rendering moot the issue of specialization if the principal itself is engaged in the specialty, regardless of the degree of specialization. Boudreaux at page 620.
We are unable to reconcile these two cases and find them to be in conflict on this question of how to determine if the contract is specialized. Is the determination made without regard to the principal’s doing the same work as Roberts says or is the fact that the principal engages in the specialty to be considered in making the determination as Boudreaux says ? We have concluded that the Boudreaux approach is correct and we overrule Roberts in this regard.[1]
In Berry, the principal, Sohio, had no employees of its own to do the type of work plaintiff was doing. Sohio always contracted out this type of work. In the instant case, the employees of Highlines including plaintiff were engaged in work LP & L was performing and regularly performed. Highlines was simply providing a supplemental work force for LP & L whose own workmen were not sufficient in number to do the work at hand. Consequently, LP & L was the statutory employer of plaintiff.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. In accordance with the court’s internal rules this opinion was circulated to the court en banc and a majority have approved overruling the Roberts case.